**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, California 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

CHRISTOPHER B. MEAD
cmead@londonandmead.com
LONDON & MEAD
1225 19th Street, NW
Suite 320
Washington, DC 20036
Telephone: (202) 331-3334
Facsimile: (202) 785-4280

DAVID L. DEBRUIN
ddebruin@honigman.com
Callie J. Sand (State Bar No. 293888)
csand@honigman.com
HONIGMAN MILLER SCHWARTZ AND COHN LLP
One south Wacker Drive
28th Floor
Chicago, IL 60606-4617
Telephone: (312) 701-9300
Facsimile: (312) 701-9335

Attorneys for Plaintiff ORMCO CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ORMCO CORPORATION, | CASE NO. 8:16-cv-01925 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **JURY DEMAND** |
| INNOVATIVE MATERIAL AND DEVICES, LLC, INNOVATIVE MATERIAL AND DEVICES, INC. and ORTHO PRIME, INC., | Trial Date: None Set |
| Defendant. | |

The Plaintiff, Ormco Corporation, for its complaint against Innovative Material and Devices, LLC, Innovative Material and Devices, Inc. and Ortho Prime, Inc., alleges as follows.

**JURISDICTION AND VENUE**

1. This is an action for patent infringement and arises under the patent laws of the United States, title 35, United States Code. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and 1331.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) as defendants have committed acts of patent infringement in this judicial district as alleged below.

**PARTIES**

3. Plaintiff Ormco Corporation (hereinafter, "Ormco"), is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 1717 W. Collins Ave., Orange, California 92867.

4. Defendant Innovative Material and Devices, Inc. ("IMD Inc.") is a Chinese company located at Building 5, No. 615 Feng Deng Road, Jiading District, Shanghai, China.

5. Defendant Innovative Material and Devices, LLC ("IMD LLC") is a Georgia limited liability company having its principal place of business at 6065 Parkway North Dr., Cumming, Georgia, 30040.

6. Defendant Ortho Prime, Inc. ("Ortho Prime") is a Georgia corporation having its principal address at 6065 Parkway North Dr., Cumming, Georgia, 30040.

**PATENTS IN SUIT**

7. U.S. Patent No. 7,416,408 B2 (the "408 patent"), entitled "Aesthetic Self-Ligating Orthodontic Bracket," was duly issued on August 26, 2008 and is assigned to and owned by Ormco. A true and correct copy of the '408 patent is attached hereto as Exhibit A.

8. U.S. Patent No. 7,704,072 B2 (the "'072 patent"), entitled "Orthodontic Bracket," was duly issued on April, 27, 2010 and is assigned to and owned by Ormco. A true and correct copy of the '072 patent is attached hereto as Exhibit B.

### GENERAL ALLEGATIONS

9. IMD Inc. manufactures, and through various channels, offers for sale and sells in the United States self-ligating orthodontic brackets under the name "ProMIM" as seen at its website http://en.imdmedical.com/. The website identifies its United States contact as Perry Haque, a California resident who serves as its Director Global Sales, and a U.S. business address corresponding to that of IMD LLC and Ortho Prime.

10. Upon information and belief, IMD LLC is IMD Inc.'s arm in the United States and imports and/or offers for sale and sells ProMIM brackets in the United States, including in this judicial district.

11. Ortho Prime imports and/or offers for sale and sells ProMIM brackets. For example, Ortho Prime's website displays the ProMIM bracket, see http://ortho-prime.myshopify.com/ and contains a page for placing orders for the ProMIM brackets, see http://ortho-prime.myshopify.com/collections/brackets/products/promim-series-metal-bracket. Ortho Prime's website also publishes a catalog, excerpts of which are attached hereto as Exhibit C, which promotes the ProMIM bracket.

### COUNT I – INFRINGEMENT OF THE '408 PATENT

12. Ormco realleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

13. Defendants have directly infringed and continue to infringe, literally or under the doctrine of equivalents, at least one claim of the '408 patent by making, selling, offering for sale and/or importing into the United States the ProMIM brackets without Ormco's authorization to do so.

14. For example, claim 1 of the '408 patent claims:

> A self-ligating orthodontic bracket for coupling an archwire with a tooth, the orthodontic bracket comprising:
>
> a bracket body including a lingual surface configured to be mounted to a tooth, a groove, an archwire slot defined within said groove, a first labial surface, a second labial surface separated from said first labial surface by said groove, a pair of guides on said first labial surface, and at least one first stop element; and
>
> a ligating member retained by said guides to said bracket body, said ligating member guided for movement by said guides between an open position in which an archwire is insertable into said archwire slot and a closed position in which said ligating member retains the archwire in said archwire slot, said ligating member including at least one second stop element that abuts said at least one first stop element on said bracket body when said ligating member is in said open position, and said ligating member including a lingual surface overlying said archwire slot when said ligating member is in said closed position, a labial surface, and a leading edge between said lingual and labial surfaces of said ligating member,
>
> wherein a portion of said second labial surface of said bracket body projects at least partially above said lingual surface of said ligating member, and said leading edge of said ligating member has an abutting relationship, when said ligating member is in said closed position, with a portion of said groove between said portion of said second labial surface and said archwire slot.

15. The ProMIM bracket meets each and every limitation found in claim 1,

either literally or under the doctrine of equivalents. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms the meaning of which the parties disagree, and the disclosure of Ormco's final infringement contentions pursuant to any applicable rules or otherwise, the ProMIM brackets infringe the '408 patent as follows:

  a. The ProMIM bracket is a self-ligating orthodontic bracket for coupling an archwire with a tooth. An image of a ProMIM bracket with its ligating member in the closed position (Fig. 1) and an image of a ProMIM bracket with its ligating member in the open position (Fig. 2) follows:



  Fig. 1       Fig. 2

  b. The ProMIM bracket comprises a bracket body including a lingual surface configured to be mounted to a tooth, a groove, an archwire slot defined within said groove, a first labial surface, a second labial surface separated from said first labial surface by said groove, a pair of guides on said first labial surface, and at least one first stop element. Each of these features is shown by the labeled images that follow.

1. The image identified as Fig. 3 below shows the labial surfaces of a ProMIM bracket body from which the ligating member has been removed.



Fig. 3

2. The image identified as Fig. 4 below shows a sectioned view of a ProMIM bracket with its ligating member in place in the closed position, but the first stop member absent from its surrounding cavity, after cutting through the vertical mid-line from the labial to the lingual sides. The lingual surface of the bracket is at the bottom in this image.

COMPLAINT FOR PATENT INFRINGEMENT



Fig. 4

c. The ProMIM includes a ligating member retained by said guides to said bracket body, said ligating member guided for movement by said guides between an open position in which an archwire is insertable into said archwire slot and a closed position in which said ligating member retains the archwire in said archwire slot, said ligating member including at least one second stop element that abuts said at least one first stop element on said bracket body when said ligating member is in said open position, and said ligating member including a lingual surface overlying said archwire slot when said ligating member is in said closed position, a labial surface, and a leading edge between said lingual and labial surfaces of said ligating member. These features are seen in the above image. An image of the ligating

member separately, as seen from its lingual surface, follows as Fig. 5.



Fig. 5

d. As can be seen in Fig. 6 below, a portion of said second labial surface of said bracket body projects at least partially above said lingual surface of said ligating member, and said leading edge of said ligating member has an abutting relationship, when said ligating member is in said closed position, with a portion of said groove between said portion of said second labial surface and said archwire slot.



Fig. 6

16. Upon information and belief, Defendants' acts of direct infringement of the '408 patent were conducted with knowledge of the '408 patent and constitutes willful infringement, warranting a determination that defendants' infringement is egregious and warrants enhancement of damages and an award of attorney fees under 35 U.S.C. § 284.

## COUNT II – INFRINGMENT OF THE '072 PATENT

17. Ormco realleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

18. Defendants have directly infringed and continue to infringe, literally or under the doctrine of equivalents, at least one claim of the '072 patent by making, selling, offering for sale and/or importing into the United States the ProMIM brackets without Ormco's authorization to do so.

19. For example, claim 1 of the '072 patent claims:

An orthodontic bracket comprising:

a base member defining an archwire slot, and having an anterior and posterior facing surface and a bore is formed in the base member and extends from the anterior facing surface in the direction of the posterior facing surface;

a ligating slide borne by the base member and moveable between a first, open position which allows access to the archwire slot, and a second, closed position which restricts access to the archwire slot, and wherein the ligating slide has an anterior and a posterior facing surface, and wherein a channel is formed in the posterior facing surface of the ligating slide, and wherein the channel has a first and second end, and wherein a seat is defined at the first and second ends; and

an elongated flexible member borne by the base member and which has a proximal end which is received in the bore, and a distal end which is received in the channel which is formed in the posterior facing surface of the ligating slide, and wherein the seat defined by the first and second ends of the channel are each dimensioned to matingly receive the distal end of the flexible member which extends anteriorly outwardly relative to the anterior facing surface of the base member, and wherein the flexible member is not substantially deformed when received in the respective seats, and wherein the distal end of the elongated flexible member is resiliently deformable along a path of travel when the ligating slide moves between the first and second positions and out of the respective seats and along the channel defined in the posterior facing surface of the ligating slide, and

wherein the flexible member cooperates with the channel to releasably secure the ligating slide in the first and second positions.

20. The ProMIM bracket meets each and every limitation found in claim 1 of the 072 patent, either literally or under the doctrine of equivalents. Subject to additional information obtained during discovery, the Court's construction of any patent claim terms the meaning of which the parties disagree, and the disclosure of Ormco's final infringement contentions pursuant to any applicable rules or otherwise, the ProMIM bracket infringes at least claim 1 of the '072 patent because it is an orthodontic bracket that comprises the following limitations of claim 1:

a. As shown in Fig. 7 below, ProMIM comprises a base member defining an archwire slot, and having an anterior and posterior facing surface and a bore is formed in the base member and extends from the anterior facing surface in the direction of the posterior facing surface.



Fig. 7

b. ProMIM comprises a ligating slide borne by the base member and moveable between a first, open position which allows access to the archwire slot, and a second, closed position which restricts access to the archwire slot (see Figs. 1 and 2 above), and wherein the ligating slide has an anterior and a posterior facing surface (Fig. 7 above), and wherein a channel is formed in the posterior facing surface of the ligating slide, and wherein the channel has a first and second end, and wherein a seat is defined at the first and second ends. The channel is best shown in Fig. 8 below, showing the posterior facing surface of the ligating slide.



Fig. 8

c. ProMIM comprises an elongated flexible member borne by the base member and which has a proximal end which is received in the bore, and a distal end which is received in the channel which is formed in the posterior facing surface of the ligating slide, as shown in Fig. 9 below.



Fig. 9

d. As perhaps best seen in Fig. 9 above by comparing the size of the bore that receives the proximal end of the flexible member to the curved ends of the channel, the seat defined by the first and second ends of the channel are each dimensioned to matingly receive the distal end of the flexible member which extends anteriorly outwardly relative to the anterior facing surface of the base member.

e. Like the fourth embodiment described in the 072 patent, as seen in Fig. 9 above, the bore diameter of the ProMIM bracket generally increases from the posterior surface side in the direction of the anterior surface, allowing the flexible member to move relative to the bore. (See '072 patent, col. 20, lines 2-12.) Thus, the flexible member is not substantially deformed when received in the respective seats.

f. As required for the sliding function of the ligating slide, the distal end of the elongated flexible member is resiliently

deformable along a path of travel when the ligating slide moves between the first and second positions and out of the respective seats and along the channel defined in the posterior facing surface of the ligating slide, wherein the flexible member cooperates with the channel to releasably secure the ligating slide in the first and second positions.

21. Upon information and belief, Defendants' acts of direct infringement of the '072 patent where conducted with knowledge of the '072 patent and constitutes willful infringement, warranting a determination that defendants' infringement is egregious and warrants enhancement of damages and an award of attorney fees under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Ormco requests the following relief against IMD Inc., IMD LLC, and Ortho Prime:

1. That judgment be entered adjudging that IMD Inc., IMD LLC, and Ortho Prime each has infringed the '408 patent and the '072 patent;

2. That judgment be entered awarding against IMD Inc., IMD LLC, and Ortho Prime, jointly and severally, damages adequate to compensate Ormco for the infringements that have occurred, but in no case less than a reasonable royalty under 35 U.S.C. § 284, together with prejudgment interest.

3. That an order be entered preliminarily enjoining, and judgment be entered permanently enjoining, IMD Inc., IMD LLC and Ortho Prime, and each of their agents, sales representatives, officers, servants and employees, directors and members, associates, attorneys, parents, successors and assigns, and any and all persons or entities in active concert or participation with any or all of them, from further acts of infringement of the '408 and '072 patents by making, using, selling, offering for sale or importing the ProMIM brackets or any other self-ligating bracket that is no more than colorably different from the ProMIM brackets;

4. That judgment be entered trebling such monetary damages that any or all of IMD Inc., IMD LLC and Ortho Prime are required to pay Ormco for willful infringement under 35 U.S.C. § 284;

5. That this case be adjudged and decreed exceptional under 35 U.S.C. § 285 and that Ormco be awarded its reasonable attorney fees;

6. That Ormco be awarded its costs and interest on all damages; and

7. That Ormco be granted such other relief as the Court deems just and proper.

Dated: October 21, 2016

Respectfully submitted,
HONIGMAN MILLER
SCHWARTZ AND COHN LLP

By: *Callie Sand*
David L. De Bruin
Callie J. Sand
Attorneys for Plaintiff
ORMCO CORORATION

## DEMAND FOR JURY TRIAL

Plaintiff Ormco Corporation demands a trial by jury of all issues triable of right by jury.

Dated: October 21, 2016

Respectfully submitted,
HONIGMAN MILLER
SCHWARTZ AND COHN LLP

By: David L. De Bruin
Callie J. Sand
Attorneys for Plaintiff
ORMCO CORORATION

-17-

Case No. CaseNumber